1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDDIE L. YOUNG,                          No.  2:24-cv-0361 AC P

12                  Plaintiff,

13         v.                                  ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    R. EHLERS, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to

18    proceed in forma pauperis under 28 U.S.C. § 1915(a).

19    I.      Three Strikes Analysis

20         Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).  ECF No. 2.

21    The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to

22    authorize the commencement and prosecution of any suit without prepayment of fees by a person

23    who submits an affidavit indicating that the person is unable to pay such fees.  However,

24              [i]n no event shall a prisoner bring a civil action or appeal a
                judgement in a civil action or proceeding under this section if the
25              prisoner has, on 3 or more occasions, while incarcerated or detained
                in any facility, brought an action or appeal in a court of the United
26              States that was dismissed on the grounds that it is frivolous,
                malicious, or fails to state a claim upon which relief may be granted,
27              unless the prisoner is under imminent danger of serious physical
                injury.
28

1  28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded

2  from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three

3  frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook,

4  169 F.3d 1176, 1178 (9th Cir. 1999).

5        "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only

6  when, after careful evaluation of the order dismissing an action, and other relevant information,

7  the district court determines that the action was dismissed because it was frivolous, malicious or

8  failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[W]hen a . . .

9  court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous,

10  malicious, or fails to state a claim upon which relief may be granted,' such a complaint is

11  'dismissed' for purposes of § 1915(g) even if the . . . court styles such dismissal as denial of the

12  prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v.

13  Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).

14        Inspection of other cases filed by plaintiff has led to the identification of at least five cases

15  that qualify as strikes.[1]  The court takes judicial notice of the following lawsuits filed by

16  plaintiff:[2]

17      1.  Young v. McCargar, No. 2:00-cv-2393 GEB DAD (E.D. Cal.) (complaint dismissed

18          on August 13, 2002, for failure to state a claim (ECF No. 33));

19      2.  Young v. Bowen, No. 2:01-cv-6368 DSF MLG (C.D. Cal.) (second amended

20          complaint dismissed on July 12, 2007, for failure to state a claim (ECF No. 213));

21      3.  Young v. Edwards, No. 2:02-cv-2289 CAS MLG (C.D. Cal.) (complaint dismissed on

22

23  [1]  The Ninth Circuit has also determined that plaintiff has accrued at least three strikes.  In Young
24  v. Curliss, 9th Cir. No. 13-15226, the Ninth Circuit denied plaintiff's application to proceed in
forma pauperis both because the appeal was frivolous and because plaintiff had accrued at least
three strikes under § 1915(g).  No. 13-15226, ECF No. 7.
25  [2]  The court "may take notice of proceedings in other courts, both within and without the federal
26  judicial system, if those proceedings have a direct relation to matters at issue."  United States ex
rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
27  (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court
may take judicial notice of facts that are capable of accurate determination by sources whose
28  accuracy cannot reasonably be questioned).

May 1, 2002, for failure to state a claim (ECF No. 6));

4. <u>Young v. Parks</u>, 9th Cir. No. 09-16957 (in forma pauperis status denied because the appeal was frivolous and plaintiff had three strikes under § 1915(g) (Dkt. 11), dismissed on April 9, 2010, for failure to pay the filing fee (Dkt. 12); and

5. <u>Young v. Curliss</u>, 9th Cir. No. 13-15226 (in forma pauperis status denied because the appeal was frivolous and plaintiff had three strikes under § 1915(g) (Dkt. 7), dismissed on July 5, 2013, for failure to pay the filing fee (Dkt. 9)).

All of the preceding cases were dismissed well in advance of the January 30, 2024 filing of the instant action, and none of the strikes have been overturned.  Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  <u>Ray v. Lara</u>, 31 F.4th 692, 695 (9th Cir. 2022).

The complaint alleges violations of plaintiff's constitutional rights stemming from a use of force that occurred on March 6, 2023,[3] and the subsequent decision to place plaintiff in administrative segregation.  ECF No. 1 at 8-18.  There are no allegations that would demonstrate an imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

////

////

---

[3]  Plaintiff alleges that some defendants used excessive force against him or sexually assaulted and harassed, while others failed to intervene or provide medical treatment and subsequently left him in a cold cell while only wearing boxers.  ECF No. 1 at 8-15.

1    II.      Plain Language Summary of this Order for a Pro Se Litigant

2            You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis

3    status unless you show the court that you were in imminent danger of serious physical injury at

4    the time you filed the complaint.  You have not shown that you were in imminent danger of

5    serious physical injury and so it is being recommended that your motion to proceed in forma

6    pauperis be denied and you be required to pay the whole filing fee at one time.

7            Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

8    assign a United States District Judge to this action.

9            IT IS FURTHER RECOMMENDED that:

10           1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

11           2.  Plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face

12   dismissal of the case.

13           These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15   after being served with these findings and recommendations, plaintiff may file written objections

16   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

17   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

18   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

19   (9th Cir. 1991).

20   DATED: February 7, 2024

21

22                                                          ALLISON CLAIRE
                                                            UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

                                              4