1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDDIE L. YOUNG,                              No.  2:24-cv-0361 DJC AC P

12                    Plaintiff,

13          v.                                     ORDER

14    R. EHLERS, et al.,

15                    Defendants.

16

17          Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18    without a lawyer.  By findings and recommendations filed February 7, 2024, plaintiff was found

19    to have accrued three strikes under 28 U.S.C. § 1915(g), and the undersigned recommended that

20    plaintiff's application to proceed in forma pauperis be denied and that he be required to pay the

21    filing fees in full because he did not meet the imminent danger exception.  ECF No. 5.  The

22    findings and recommendations were adopted in full (ECF No. 13), and the file reflects that

23    plaintiff has paid the required fees.

24    I.      Statutory Screening of Prisoner Complaints

25          The court is required to screen complaints brought by prisoners seeking relief against "a

26    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

27    claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v.

28    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

                                                    1

an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

The complaint alleges violations of plaintiff's Eighth and Fourteenth Amendment rights by prison staff at three different prisons.  ECF No. 1.  First, plaintiff alleges that defendants Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty violated his Eighth Amendment rights at California State Prison (CSP)-Sacramento.  On March 6, 2023, Ehlers aggressively and with intent to harm plaintiff grabbed plaintiff's left arm and pulled him out of a holding cage to retrieve his handcuffs.  Id. at 8-10.  Ehlers then escalated the incident by "using unnecessary physical and brutal force designed to put Plaintiff Young at risk of permanent disability and/or disabling pain."  Id. at 9-10.  Buchholz, Rodriguez, and Curtis then "joined in on the assault" that appears to have ended with plaintiff being forced to the ground and hitting his head.  Id. at 10, 12.  Hunter, a psych tech, responded to the incident and "inquired as to whether

1   Plaintiff had received any other head injury." Id. at 11.  When plaintiff responded that it felt like

2   his neck was broken and he felt paralyzed, Hunter failed to carry out a medical assessment,

3   ignored plaintiff's request for medical care, and told the officers "He's good."  Id.  Plaintiff

4   asserts that the assault by Ehlers was racially motivated, and the incident resulted in pain in his

5   neck, shoulders, upper back, and left leg and a foreign body perforating his intestines.  Id. at 8-11.

6        At some point after plaintiff was on the ground, Valize, Buchholz, Rodriguez, and Curtis

7   sexually assaulted and harassed him when they used shears to cut off his clothing.  Id. at 12.

8   During this time, Buchholz and Curtis restrained plaintiff against a wall while Rodriguez touched

9   and held plaintiff's the bare, left buttock with one hand and used the other to yank plaintiff's

10  boxers down while plaintiff's penis was caught in the front opening.  Id.  Plaintiff was then placed

11  in an outside, standing holding cage wearing only his boxers for eight hours in the cold and wind.

12  Id. at 14.  While in the cage, Beatty, Heinkel, and Curtis ignored or refused plaintiff's requests to

13  be moved to an inside cage, to use the toilet, and for medical treatment and his pain medication.

14  Id. at 15.

15       Plaintiff next alleges that defendants Burcham, Cabrerra, and Jane Doe 2 violated his right

16  to equal protection and due process at California Medical Facility (CMF).  Id. at 16.  These

17  defendants were part of the classification committee and on March 15, 2023, Burcham made

18  misrepresentations to the committee members, who reacted with "bigotry and prejudice."  Id.

19  Jane Doe 2 was assigned as plaintiff's staff assistant, but filed to assists plaintiff during the

20  administrative segregation placement review process.  Id.

21       Finally, plaintiff alleges that Vasquez and Sanchez-Madrigal violated his due process and

22  equal protection rights at CSP-Corcoran.  Id. at 18.  These defendants On April 24, 2023,

23  Sanchez-Madrigal, a correctional counselor, ordered plaintiff's extended placement in

24  administrative segregation but there was no placement review by a captain.  Id.  Plaintiff appears

25  to further allege that Vasquez refused to provide documentation of the classification committee's

26  decision.  Id.  He asserts that departmental employees took adverse action against him because of

27  his filing of grievances and lawsuits, which constituted "unlawful retaliation, abuse of discretion,

28  racial bias, and discrimination."  Id.

1    III.    Claims for Which a Response Will Be Required

2          After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

3    plaintiff has adequately stated valid claims under the Eighth Amendment against defendants

4    Ehlers, Buchholz, Rodriguez, Curtis, Valize, Hunter, Beatty, and Heinkel.  Although plaintiff

5    provides limited facts regarding their conduct, the allegations in the complaint are sufficient to

6    state an excessive force claim against Ehlers, Buchholz, Rodriguez, and Curtis based on the

7    allegations that they used force on plaintiff when none was necessary, and that the uses of force

8    resulted in serious bodily injury.  He has also stated excessive force and sexual harassment claims

9    against Valize, Buchholz, Rodriguez, and Curtis based on their allegedly unnecessary, forcible

10   removal of his clothes that included inappropriate touching by Rodriguez.  Hunter's refusal to

11   assess plaintiff's injuries or provide him treatment after the use of force is sufficient to support a

12   claim for deliberate indifference.  Finally, plaintiff has stated a conditions of confinement claim

13   again Beatty, Heinkel, and Curtis based on his allegations that they left him for eight hours in an

14   outdoor standing holding cage in nothing but boxers despite the wind and cold and refused his

15   requests to be moved inside, to use the toilet, and for medical treatment.

16   IV.    Failure to State a Claim

17         However, the allegations in the complaint are not sufficient to state any claims for relief

18   against Burcham, Cabrerra, Jane Doe 2, Vasquez, and Sanchez-Madrigal.  To the extent plaintiff

19   is attempting to allege due process violations with respect to his placement in administrative

20   segregation, he does not allege facts showing that any defendant denied him an informal, non-

21   adversary review of the reasons for his placement.  Plaintiff has also failed to state a valid equal

22   protection claim against any of these defendants, or against Ehlers, because he has made only a

23   conclusory assertion that their conduct was racially motivated without providing any facts that

24   show the basis for that claim.  It appears to the court that plaintiff may be able to allege facts to

25   fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.

26         In the event plaintiff chooses to amend the complaint, he is advised that the claims against

27   the CMF defendants (Burcham, Cabrerra, and Jane Doe 2) and CSP-Corcoran defendants

28   (Vasquez and Sanchez-Madriga) are not properly joined with each other or with the claims

4

against the CSP-Sacramento defendants (Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty) because the claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). As noted above, plaintiff has been deemed a three strikes litigant and does not meet the imminent danger exception. Plaintiff may not improperly join claims in order to avoid paying the required filing fees. If plaintiff chooses to file an amended complaint and includes claims against the CMF and CSP-Corcoran defendants, the court will either recommend dismissal of those claims without prejudice to re-filing as separate actions or sever the claims. In the event the claims are severed, plaintiff will be required to pay the filing fees in full in the new cases before he will be permitted to move forward on the claims.

V.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty on his Eighth Amendment claims. By choosing this option, plaintiff will be agreeing to voluntarily dismiss his equal protection claims and all claims against defendants Burcham, Cabrerra, Jane Doe 2, Vasquez, and Sanchez-Madrigal. The court will proceed to immediately serve the complaint and order a response from defendants Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV.**

VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated Eighth Amendment claims against Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty. However, you have not stated an equal protection claim against any defendant and you have not stated any claims against Burcham, Cabrerra, Jane Doe 2,

Vasquez, and Sanchez-Madrigal.  The claims against Burcham, Cabrerra, Jane Doe 2, Vasquez, and Sanchez-Madrigal are also not properly joined with the claims against the other defendants and should be brought in separate lawsuits.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment claims against Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty and voluntarily dismiss the other claims and defendants; or, (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's equal protect claims and allegations against defendants Burcham, Cabrerra, Jane Doe 2, Vasquez, and Sanchez-Madrigal do not state claims for which relief can be granted.

2.  Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty as set forth in Section III above, or to file an amended complaint.

3.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

4.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the equal protect claims and all claims against defendants Burcham, Cabrerra, Jane Doe 2, Vasquez, and Sanchez-Madrigal.

DATED: May 12, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   EDDIE L. YOUNG,                        No.  2:24-cv-0361 DJC AC P

11              Plaintiff,

12         v.                               NOTICE OF ELECTION

13   R. EHLERS, et al.,

14              Defendants.

15

16         Check one:

17   _____ Plaintiff wants to proceed immediately on his Eighth Amendment claims against

18         defendants Ehlers, Hunter, Buchholz, Valize, Rodriguez, Curtis, Heinkel, and Beatty

19         without amending the complaint.  Plaintiff understands that by choosing this option, his

20         equal protection claims and all claims against defendants Burcham, Cabrerra, Jane Doe 2,

21         Vasquez, and Sanchez-Madrigal will be voluntarily dismissed without prejudice pursuant

22         to Federal Rule of Civil Procedure 41(a).

23

24   _____ Plaintiff wants time to file an amended complaint.

25

26   DATED:_____

27                                          _____
                                            Eddie L. Young
28                                          Plaintiff pro se

                                    1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

A. Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillan, 503 U.S. 1, 7 (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's

1

injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Id. at 7 (quotation marks and citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Id.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment.  Whitley, 475 U.S. at 327.

### B.  Sexual Harassment

"[P]risoners have a right to be free from sexual abuse."  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (citation omitted).  Unwanted sexual contact or harassment by a public official that occurs outside the context of an arrest is "analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment," Fontana v. Haskin, 262 F.3d 871, 881 n.6 (9th Cir. 2001), and verbal sexual harassment under certain circumstances may violate a pretrial detainee's Fourteenth Amendment rights, see Vasquez v. County of Kern, 949 F.3d 1153, 1163-65 & n.10 (9th Cir. 2020) (noting that sexual harassment includes "[r]epeated verbal comments . . . of a sexual nature . . . including obscene language" (quoting 28 C.F.R. § 115.6)).  "The threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  Id. at 1162 (citation and quotation marks omitted).

### C.  Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  The first prong is an objective prong, which requires that the deprivation be "sufficiently serious."  Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities.'"  Lemire, 726 F.3d at 1074.  The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d

2

726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).

"[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional

violation. Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000). Rather, extreme deprivations are

required to make out a conditions of confinement claim, and only those deprivations denying the

minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9

(1992). "More modest deprivations can also form the objective basis of a violation, but only if

such deprivations are lengthy or ongoing." Johnson, 217 F.3d at 732. The circumstances, nature,

and duration of the deprivations are critical in determining whether the conditions complained of

are grave enough to form the basis of a viable Eighth Amendment claim. Id. at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 744 F.3d

at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard

requires a showing that the prison official acted or failed to act despite the prison official's

knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at

842; see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere

negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511

U.S. at 835.

D.  Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a

violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S.

97, 104-05 (1976). An individual is liable for such a violation only when the individual is

deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439

F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991)). First, the plaintiff must

show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could

result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing

3

1    Estelle, 429 U.S. at 104). "Examples of serious medical needs include '[t]he existence of an

2    injury that a reasonable doctor or patient would find important and worthy of comment or

3    treatment; the presence of a medical condition that significantly affects an individual's daily

4    activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-32 (citing

5    McGuckin, 974 F.2d at 1059-60).

6          Second, the plaintiff must show the defendant's response to the need was deliberately

7    indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act

8    or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

9    indifference. Id. Under this standard, the prison official must not only "be aware of facts from

10   which the inference could be drawn that a substantial risk of serious harm exists," but that person

11   "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective

12   approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A

13   showing of merely negligent medical care is not enough to establish a constitutional violation.

14   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106). A

15   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

16   a dispute between a prisoner and prison officials over the necessity for or extent of medical

17   treatment amount to a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir.

18   2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical

19   treatment, "without more, is insufficient to state a claim of deliberate medical indifference."

20   Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a

21   prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must

22   show that the delay caused "significant harm and that Defendants should have known this to be

23   the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

24                     E.  Due Process – Administrative Segregation

25         When an inmate is placed in administrative segregation, the Constitution requires only

26   that he be given "an informal, nonadversary review of the information supporting [his]

27   administrative confinement, including whatever statement [he] wishe[s] to submit, within a

28   reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S.

460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Ordinarily a written statement by the inmate will accomplish this purpose." Id. at 476.

F. Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).